PROB 12M
(10/01-D/CO)

UNITED STATES DISTRICT COURT

for

DISTRICT OF COLORADO

U. S. A. vs. RAYMOND CHAUVIN                                                                 Docket No. 05-cr-00365-WDM-01

**Petition for Modification of Conditions of Supervised Release**

COMES NOW, Jerald Mason, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Raymond Chauvin who was placed on supervision by Chief Judge William K. Sessions III, District of Vermont, on the 16th day of June, 2003, who fixed the period of supervision at three years, commencing August 2, 2004, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  The defendant shall refrain from the use of  alcohol and other intoxicants during and after treatment.

2. The defendant shall participate in intensive residential or non-residential substance abuse treatment upon release on supervised release if he did not participate in 500 hour drug and alcohol rehabilitation program while incarcerated.

On July 14, 2005, the defendant's conditions of supervised release were modified in the District of Vermont to include the following special conditions:

3. The defendant shall remain confined in his home, as described in U.S.S.G § 5F1.2, for a period of 60 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without call forwarding, Caller ID, call waiting, or portable cordless telephones for the above period.  At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  The defendant shall contribute to the cost of electronic monitoring in an amount to be determined by the probation officer based on ability to pay or the availability of third party payments.

4. The defendant shall participate in a mental health program approved by the United States Probation Office and abide by any medication regimen prescribed.

On August 12, 2005, jurisdiction of the defendant's case was transferred from the District of Vermont to the District of Colorado and assigned to Your Honor.

On October 18, 2005, the defendant's conditions of supervised release were modified to include the following special condition:

5. The defendant shall reside in a Community Corrections Center and follow the rules and regulations of that facility for six months.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Petitioner states there is probable cause to believe that the Defendant has violated a condition of his supervised release as more particularly described in the attachment which is incorporated by reference.

I state under penalty of perjury that the foregoing matters are true and correct to the best of my knowledge and belief.

Executed this 20th day of January, 2006.

s/Jerald Mason
Jerald Mason, Probation Officer

ORDER OF THE COURT

Based upon the foregoing, I find probable cause exists to believe the Defendant has violated conditions of his supervised release. I order the defendant's conditions of supervised release be modified to include a special condition requiring the defendant's placement on Home Detention with Electronic Home Monitoring for a period of four months.

Dated this 24th day January, 2006.

s/ Walker D. Miller
_____
WALKER D. MILLER, United States District Judge

## ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the Conditions of Supervised Release signed by the defendant on August 9, 2004.  His signature on this occasion acknowledged that the conditions had been read and explained to him, that he fully understood said conditions, and that he was provided with a copy of them.  The term of supervised release commenced August 2, 2004.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel, which waives the right to a hearing and agrees to the proposed modification of the defendant's conditions of supervised release.  Assistant U.S. Attorney Joshua Stein is also agreeable to this proposed course of action.

On December 14, 2005, Joe Starman, Program Director, Independence House South Federal, notified me that the defendant was removed from CCC placement after his involvement in coercing an inmate to disclose the details of that inmate's offense which could have placed that inmate at great risk for physical harm by Mr. Chauvin and other inmates.  Based on his involvement, the defendant was removed from CCC placement.

The defendant has demonstrated through his actions that he continues to need structure.  While Community Corrections Center placement is no longer an available option, a period of home confinement of four months appears appropriate.